UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4920 FMO (RAOx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | Daniel Bichanich v. Sara Young | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Remand [] [Dtk. 18]

Having reviewed and considered all the briefing filed with respect to Daniel Bichanich's Motion to Remand This Action to the Superior Court of California (see Dkt. 18, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

This matter arises from a dispute over the custody of three minor children (the "Children"). (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 8-16). The Children's parents, Daniel Bichanich ("Bichanich") and Sara Young ("Young"), are permanent legal residents of Italy. (See Dkt. 1-1, Petition for Relief under the Hague Convention [] ("Complaint") at ¶¶ 10-11). The couple commenced divorce and child custody proceedings in Italy on February 6, 2024. (See id. at ¶ 14). In mid-May, 2024, Young took the Children with her to California, without Bichanich's consent. (See id. at ¶¶ 17-19).

On May 23, 2024, Young filed a petition for divorce in the Ventura County Superior Court, Case No. D414689. (See Dkt. 18-19, Motion, Exh. 14). As part of the divorce proceedings, Young sought full custody of the Children. (See id. at ECF 5).[1] Seven days later, on May 30, 2024, Young filed a request for a Domestic Violence Restraining Order ("Restraining Order") against Bichanich, (see Dkt. 18-20, Motion, Exh. 15), on her own behalf and on behalf of the Children. (See id. at ECF 7). Specifically, Young seeks a no-contact order between the Children and Bichanich, (see id. at ECF 8), that the Children be limited to travel within Ventura County, (see id. at ECF 30), that she be granted full custody, (see id. at ECF 31), and that an order be issued that would prohibit Bichanich from removing the Children from California. (See id. at ECF 34-35).

Four days later, on June 3, 2024, Bichanich filed a Complaint, Case No. D414753, also in

---

[1] Citations to "ECF" refer to the page number located at the upper right and assigned by ECF to the subject document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4920 FMO (RAOx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | Daniel Bichanich v. Sara Young | | |

the Ventura County Superior Court, asserting a single claim under the Hague Convention and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001, et seq. (See Dkt. 1-1, Complaint at ¶¶ 22-28). Bichanich alleges that Young wrongfully removed the Children from Italy to California. (Id. at ¶ 22). He seeks, among other things, the return of the Children to Italy, where "an appropriate custody determin[ation] can be made by an Italian Court under Italian law[.]" (See id. at Relief Requested).

On June 6, 2024, three days after Bichanich filed his Complaint, the state court held an ex parte hearing on the Complaint – Young was not present nor was she given notice of the hearing. (See Dkt. 18-5, Exh. 2, Ex Parte Order at 1-2). Following the hearing, the state court issued an ex parte order: (1) preventing Young from removing the Children from Ventura County; (2) requiring Young to turn over the Children's passports to Bichanich's counsel; (3) granting Bichanich "temporary sole physical and legal custody of [the Children]" upon his arrival in California; and (4) staying the divorce proceedings, including Young's request for a Restraining Order. (See id. at 2-3). Young then removed Bichanich's action to this court. (See Dkt. 1, NOR at ¶ 4).

**LEGAL STANDARD**

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4920 FMO (RAOx) | Date | **August 7, 2024** |
|---|---|---|---|
| Title | Daniel Bichanich v. Sara Young | | |

in favor of remanding the action to state court.[2]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**DISCUSSION**

"The Hague Convention on the Civil Aspects of International Child Abduction (Convention) . . . addresses the problem of international child abductions during domestic disputes." Radu v. Shon, 62 F.4th 1165, 1169 (9th Cir. 2023) (internal quotation and alteration marks omitted). "Domestically, [ICARA] implements the Convention's rules, . . . and gives . . . court[s] jurisdiction to adjudicate disputes under the Convention." Id.  Specifically, "ICARA vests state and federal courts with concurrent jurisdiction over claims under the Convention." Holder v. Holder, 305 F.3d 854, 860 (9th Cir. 2002); see 22 U.S.C. § 9003(a) ("The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."). The Convention "does not extend to custody determinations." Von Kennel Gaudin v. Remis, 282 F.3d 1178, 1182 (9th Cir. 2002).  "Rather, the Convention simply restores the pre-abduction status quo by allowing for the return of a wrongfully abducted child." Id.

Bichanich seeks remand of the action, arguing that Young's initiation of divorce proceedings in the state court waived her right of removal to federal court.[3]  (See Dkt. 25, Petitioner Daniel Bichanich's Reply [] In Further Support of His Motion to Remand [] ("Reply") at 4-5, 8-9).  Young contends that "[t]he only case pending between the parties is this very action that has been removed to this Court – there is no parallel or related state court case pending."  (Dkt. 24, Respondent's Opposition to [] Motion to Remand ("Opp.") at 5).

Because access to a federal forum is a significant right, "a waiver of the right of removal must be clear and unequivocal." Foley v. Allied Interstate, Inc., 312 F.Supp.2d 1279, 1282 (C.D. Cal. 2004) (internal quotation marks omitted).  "[A] defendant may waive the initial right to removal if the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there." R.R. Street & Co. Inc. v. Trans. Ins. Co., 656 F.3d 966, 973 (9th Cir. 2011) (internal quotation marks and emphasis omitted); see Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 447 (9th Cir. 1992) ("[T]he right to remove is waived by acts which indicate an intent to proceed in state court[.]"); Foley, 312 F.Supp.2d at 1285 ("A party's waiver of its right to remove generally depends on its intent to do so.") (internal quotation marks omitted).

Here, Young filed a case in state court, affirmatively seeking an order preventing Bichanich

---

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[3] As the court agrees that Young waived her right of removal, it need not address Bichanich's arguments, (see Dkt. 18, Motion at 5-13), regarding various abstention doctrines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4920 FMO (RAOx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | Daniel Bichanich v. Sara Young | | |

from taking the Children to Italy. (See Dkt. 18-20, Exh. 15 at ECF 34-35). This question – whether or not the Children should be returned to Italy – is the same issue Young now seeks to litigate in this court. (See Dkt. 1-1, Complaint at Relief Requested). It was only after the state court issued its Ex Parte Order in Bichanich's favor, (see Dkt. 18-5, Exh. 2, Ex Parte Order at 2-3), that Young sought to adjudicate the custody of the Children in federal court. (See Dkt. 1, NOR). Moreover, Young has – even after removing the instant action to this court – continued to litigate the divorce and custody issues in the state court. See, e.g., Sara Elizabeth Young v. Daniel Bichanich, Case No. D414689 (May 23, 2024) at Dkt. 22 (Young filed a Request to Reissue Temporary Restraining Order on July 15, 2024); (Dkt. 25, Reply at 9) (noting that Young has "continued to seek affirmative relief" in the Ventura Superior Court). In response to Bichanich's arguments regarding waiver, Young makes no attempt to explain the effect of her prior filings in the state court. (See, generally, Dkt. 24, Opp.). She simply denies the existence of any other pending state court matters. (See id. at 18) ("The only matter pending between the parties is this very action. . . . There is no separate state court action pending here.").

"The most obvious example of when a finding of waiver is appropriate is where a defendant removes a case to federal court after receiving an unfavorable determination on the merits of the case in state court." Curl v. Beltsville Adventist Sch., 2016 WL 4382686, *5 (D. Md. 2016). In a similar case where the mother removed an ICARA claim after "the state court had already ruled against her," the court characterized her effort to remove the case "a transparent attempt at forum shopping [that] would likely constitute a waiver of removal." Rafael Rodriguez v. Alvarez, 2019 WL 2367061, *3 (D. Md. 2019) (remanding removed ICARA claim back to state court). Here, as in Rodriguez, Young's actions appear to be an attempt a forum shopping to avoid an adverse decision. But a defendant "may not experiment in state court and remove upon receiving an adverse decision." Moore, 981 F.2d at 447 (internal quotation marks omitted).

In sum, given that any doubt regarding the right of removal must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Young has established that her removal was proper. "Where doubt regarding the right to removal exists, a case should be remanded to state court." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004) (internal quotation marks omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura.

2. The Clerk shall send a certified copy of this Order to the state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-4920 FMO (RAOx) | Date | August 7, 2024 |
|---|---|---|---|
| Title | Daniel Bichanich v. Sara Young | | |

                                                                                                    00 : 00

Initials of Preparer     vdr